**Narajan CHAHAL, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 02–4917.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2005.

---

Lynn Neugebauer, Safe Horizon Immigration Law Project, Jackson Heights, NY, for Petitioner.

Kathryn W. Becnel, Assistant United States Attorney (Jim Letten, United States Attorney for the Eastern District of Louisiana, Diane Hollenshead Copes, Assistant United States Attorney, on the brief), New Orleans, LA, for Respondent.

PRESENT: WALKER, Chief Judge, JACOBS, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the order of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.

Petitioner Narajan Chahal seeks review of a November 27, 2002, order of the Board of Immigration Appeals ("BIA") summarily affirming the October 6, 1999, decision by an Immigration Judge ("IJ") denying Chahal's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the IJ's decision directly where, as here, the BIA affirmed that decision without opinion. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Because Chahal does not challenge the IJ's finding that he was ineligible for CAT relief, we do not address the issue.

Chahal argues that the IJ wrongly found him ineligible for asylum. We review the IJ's factual findings under the substantial-evidence test, codified at 8 U.S.C. § 1252(b)(4)(B), which requires us to treat the IJ's factual findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *See also Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Chahal argues that the IJ erred in finding that he had not suffered "past persecution" when the Punjabi police arrested, detained, and beat him on two occasions. We need not decide whether the detention and beatings Chahal said he suffered at the police's hands were severe enough to constitute "persecution." We agree with the IJ that even if Chahal was persecuted, the government offered sufficient evidence of changed conditions in the Punjab to rebut the presumption (which arises from a finding of past persecution) that Chahal has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i) (2000). Regulations in effect at the time of Chahal's hearing required the IJ to deny asylum to Chahal because he lacked a well-founded fear of future persecution and could not demonstrate "compelling reasons ... arising out of the severity of the past persecution," *id.* § 208.13(b)(1)(ii), for being afraid to return to India.

Contrary to Chahal's assertions, the IJ did not ignore evidence tending to disprove the government's contention that conditions in the Punjab had sufficiently improved to render Chahal's fear of future persecution unfounded. The IJ expressly affirmed that she was "familiar with the information contained in all of the background materials," including the report *Disappearances in the Punjab.* JA 43. Because (1) substantial evidence, including the various State Department reports that

were part of the record, supported the IJ's determination that country conditions had so changed that Chahal had no well-founded fear of persecution, and (2) Chahal's treatment by the police was not so severe that the IJ was required to consider granting him asylum, we cannot reject the IJ's finding that Chahal did not qualify for asylum.

In light of our determination that the IJ did not err in finding Chahal ineligible for asylum because he lacked a well-founded fear of persecution, we need not address Chahal's assertion that the IJ incorrectly applied the law about internal relocation. And because Chahal was properly found ineligible for asylum, he was necessarily ineligible for withholding of removal. *See Zhang*, 386 F.3d at 71 ("A claim for withholding of deportation is factually related to an asylum claim, but the applicant bears a heavier burden of proof to secure the former relief.").

We have carefully considered all of Chahal's other arguments and find them to be meritless.

For the foregoing reasons, the BIA's order is AFFIRMED and the petition for review is DENIED.